**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**RODNEY C. HAMILTON**                                   **CIVIL ACTION**

**VERSUS**                                               **NO. 17-1504**

**DARRELL VANNOY, WARDEN**                               **SECTION "G"(5)**


**TRANSFER ORDER**


Petitioner Rodney C. Hamilton ("Petitioner") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1975 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief: (1) his life sentence as applied is illegal and unconstitutional; and (2) he was denied due process and the right to a fair and impartial hearing on his motion for probation filed in the state courts.

A review of this Court's records reflects that petitioner has filed two prior petitions for writs of habeas corpus related to this same conviction and sentence.[1] This Court previously determined that Petitioner's 1997 federal application was second or successive and transferred that petition to the United States Fifth Circuit Court of Appeals,[2] which denied him authorization to proceed in this Court.[3] As recently as November 2014, petitioner applied directly to the United States Fifth Circuit Court of Appeals, again seeking authorization to proceed with a second or

---

[1] *See Rodney Hamilton v. N. Burl Cain, Warden*, No. 97-3490 (E.D. La.); *Rodney Hamilton v. Warden*, No. 87-1592 (E.D. La.).

[2] *See Rodney Hamilton v. N. Burl Cain, Warden*, No. 97-3490 (E.D. La. Mar. 19, 1998).

[3] *See In re Hamilton*, No. 98-44 (5th Cir. Mar. 17, 1998).

successive Section 2254 federal petition in this Court.[4] In that application, he stated that he intended to raise claims challenging his life sentence, as it is being applied, as indeterminate, illegal and unconstitutional, and that he was denied effective assistance of counsel at his 1978 resentencing proceeding.[5] His request for authorization was denied by the Fifth Circuit.[6]

The petition presently before the Court is a successive petition as described by 28 U.S.C. § 2244. "If an application is a 'second or successive petition' the district court cannot consider it without authorization from [the Court of Appeals] under 28 U.S.C. § 2244(b)(2)."[7] In order to overcome the prohibition against the filing of a second or successive claim under that section, Petitioner must establish one of the following exceptions:

(A)     the applicant shows that the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

(B)

(i)     the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and

(ii)     the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.[8]

Before a successive petition can be addressed by this Court, Petitioner must obtain authorization to file a second or successive petition from the United States Fifth Circuit Court by

---

[4] *See In re Hamilton*, No. 14-31282 (5th Cir. Nov. 11, 2014).

[5] *Id.*

[6] *See In re Hamilton*, No. 14-31282 (5th Cir. Jan. 21, 2015).

[7] *Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir. 2014) (citing 28 U.S.C. § 2244(b)(3)).

[8] 28 U.S.C. § 2244(b)(2).

making a prima facie showing to that court that one of the exceptions applies.[9] Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed.[10] Accordingly,

**IT IS ORDERED** that Petitioner Rodney Hamilton's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

**NEW ORLEANS, LOUISIANA,** this 12th day of May, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[9] 28 U.S.C. § 2244(b)(3)(A).

[10] *Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir. 2014) (citing 28 U.S.C. § 2244(b)(3)).